UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:22-CV-00562-RGJ

**RONALD OLSON**                                                                                           **PLAINTIFF**

**VS.**

**LOWE'S HOME CENTERS, LLC**                                                                 **DEFENDANT**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the Court in this personal-injury action is Plaintiff Ronald Olson's ("Olson") Motion to Compel the production of surveillance video footage from the time of his fall, the social security number and date of birth of a former Lowe's Home Centers, LLC ("Lowe's") employee, and a Rule 30(b)(6) deposition of a Lowe's representative over Olson's proposed topics. (DN 43). Defendant Lowe's has responded in opposition. (DN 46). This matter has been referred to the undersigned United States Magistrate Judge for resolution of all non-dispositive matters, including discovery issues. (DN 9).

I. Background

Olson filed this negligence lawsuit against Lowe's after he tripped over a security band while walking into one of its stores, sustaining physical injuries. (DN 1-1, at ¶ 3).[1] On September 6, 2023, Olson filed three motions to compel discovery. (DN 34; DN 35; DN 36). Following a telephonic conference, the Court denied Olson's motions without prejudice, noting that the filings

---

[1] Lowe's later impleaded DePuy Synthes, Inc., DePuy Synthes Products, Inc., DePuy Synthes Sales, Inc., Synthes Products USA, LLC, and Synthes USA Sales, LLC, alleging that its orthopedic hardware implanted in Olson's leg after the fall was defective and contributed to Olson's injuries. (DN 18, at ¶ 34). Lowe's also brought third-party claims against Dr. Jon Brandon Carlson, University of Louisville Hospital, and UofL Physicians for medical malpractice and negligence during Olson's first surgery following his fall. (*Id.* at ¶¶ 44-54). Lowe's has since moved to voluntarily dismiss its claims against Dr. Carlson and the University of Louisville institutions (DN 31), but the court has not yet ruled on this motion.

1

violated the Scheduling Order's mandate that the parties first contact the undersigned's case manager to schedule a discovery call before filing discovery motions. (DN 37). The Court further required the parties to meet, confer, and engage in reasonable efforts to reconcile these discovery issues. (*Id.*).

After conferring, the parties submitted a status report in which they informed the Court that three areas of dispute remained. (DN 39). Based on the parties having exhausted reasonable efforts to resolve these disagreements, the Court permitted them to engage in motion practice. (DN 42). Shortly thereafter, Olson filed the instant Motion to Compel the production of surveillance video footage from the time of his fall, the social security number and date of birth of Lowe's former employee Chastity Sherrard, and a Rule 30(b)(6) deposition of a Lowe's representative over Olson's proposed topics. (DN 43). Lowe's filed a response in opposition. (DN 46).

## II. Legal Standard

Discovery matters are "committed to the sound discretion of the district court." *In re Air Crash Disaster*, 86 F.3d 498, 516 (6th Cir. 1996) (citations and quotations omitted). Pursuant to Rule 37 of the Federal Rules of Civil Procedure, "a party may move for an order compelling disclosure or discovery," provided that the party certifies to the court that it has, in good faith, conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. Fed. R. Civ. P. 37(a)(1). The nonmoving party who objects to the discovery request has the burden of showing that "the discovery requests are improper." *Polylok, Inc. v. Bear Onsite, LLC*, No. 3:12-CV-00535-DJH-CHL, 2017 U.S. Dist. LEXIS 41960, at *12 (W.D. Ky. Mar. 23, 2017).

## III. Analysis

### A. Surveillance Video Footage from the Time of Olson's Fall

Olson is seeking production of surveillance video footage which he alleges "would show the conditions of the store and the placement of the items where he fell." (DN 43, at PageID # 355). He highlights that, although Lowe's initially stated that no surveillance film existed, its former employee Christopher Miller ("Miller") testified at his deposition that he reviewed surveillance camera footage following Olson's fall. (*Id.* at 354-55). Olson insists that the footage is relevant. (*Id.* at PageID # 355).

In its response, Lowe's states that it has not been able to locate the video footage. (DN 46, at PageID # 387). It included its efforts to track the footage: "[m]ultiple searches of materials at the store's location[;]" "[i]nquiry with numerous individuals at the corporate level and the search of available avenues by the same[;]" "[i]nquiry with and search by Lowe's loss prevention personnel at the store and managerial levels[;]" and "[s]earch of Lowe's communications and corporate claim materials." (*Id.* at PageID # 387-88). Lowe's further argues that the footage depicted by the surveillance video is irrelevant since it did not capture Olson's fall or the area where the fall occurred. (*Id.* at PageID # 380). But even if the video was relevant, Lowe's contends that it did not have a duty to preserve the footage because Olson never sent an evidence preservation letter and did not send a letter of representation until fifty-five days after the incident. (*Id.* at PageID # 385). Because Lowe's video footage is subject to an automatic rolling purge after forty-five days, Lowe's assumes that the video was erased before receiving Olson's letter of representation. (*Id.* at PageID # 388). It asserts that it is "unable to produce a video it does not have." (*Id.*).

Lowe's has demonstrated that it has made diligent efforts to recover and locate the surveillance video footage at the time of Olson's fall, yet, none exists. And even if this footage existed, it would not depict the incident. The affidavit attached to Lowe's response and signed by

its District Asset Protection Manager, Paul Richardson, swears to this effect. (DN 46-2). As the Court cannot compel Lowe's to produce a video that is not within its possession, Olson's Motion to Compel is denied as moot as to the surveillance video footage.

B. Disclosure of Chastity Sherrard's Social Security Number and Date of Birth

In the instant Motion, Olson also seeks to compel Lowe's to produce the social security number and date of birth of Chastity Sherrard ("Sherrard"). (DN 43, at PageID # 355). According to Olson, Sherrard was a former loss prevention manager at Lowe's who was working at the time of his fall, interacted with Olson and other employees, and was responsible for "making sure the surveillance video got to the people that were supposed to receive it." (*Id.* at PageID # 355-56). As such, Olson argues, Sherrard is a critical witness to this case. (*Id.* at PageID # 355). In response to Olson's interrogatories, Lowe's identified Sherrard as a witness who may have discoverable information and provided her phone number and address. (DN 46, at PageID # 391-92). Despite this information, Olson has been unable to contact her and believes that she may have relocated outside of Louisville. (DN 43, at PageID # 355). Although Olson understands the concern over the disclosure of her private information, he insists that it will be used solely to locate her. (*Id.*). In response, Lowe's argues that it should not be obligated to produce the requested information as it infringes on Sherrard's privacy. (DN 46, at PageID # 392). It is worried that, without a court order permitting such disclosure, Lowe's could be subject to liability. (*Id.*).

In general, courts are reluctant to order the disclosure of a witness' social security number;[2] however, they will permit disclosure if a party can show "relevancy and true need for the

---

[2] Although an individual's date of birth is not a required disclosure under Rule 26(a)(1)(A) for those likely to have discoverable information, one does not have the same privacy interest in their date of birth as they do in their social security number. *See United States Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 600 (1982) ("Information such as place of birth, **date of birth**, date of marriage, employment history, and comparable data is not normally regarded as highly personal.") (emphasis added).

4

information." *EEOC v. McCormick & Schmick's Seafood Rests.*, Civil Action No. DKC-11-2695, 2012 U.S. Dist. LEXIS 92157, at *8 (D. Md. July 2, 2012). This need may be demonstrated by an unsuccessful attempt to reach individuals using their phone numbers and addresses. *Id.* at *9; *see also EEOC v. Univ. of Phx., Inc.*, No. CIV-05-1048 JB/WPL, 2007 U.S. Dist. LEXIS 34202, at *19 (D.N.M. Apr. 10, 2007) (ordering defendant to provide social security numbers and dates of birth of employees who no longer reside at previous residences because "if any of the witnesses have moved since being employed at Santa Teresa, finding them without identifiers such as social security numbers and dates of birth may be significantly more difficult and expensive"); *Tate v. United States Postal Serv.*, No. 04-cv-61509, 2007 U.S. Dist. LEXIS 10086, at *7 (S.D. Fla. Feb. 14, 2007) (directing plaintiff to renew request for witnesses' social security numbers and dates of birth "[i]n the event . . . that Plaintiff later has difficulty locating a witness").

It appears likely that Sherrard experienced or witnessed events relevant to Olson's claims. Indeed, Lowe's indicated as much in its responses to Olson's interrogatories, stating that Sherrard was working at the time of Olson's fall, interacted with Olson after the incident, and provided a statement to Lowe's. (DN 46-7, at PageID # 438, 443, 445). In addition, Olson's inability to contact Sherrard despite diligent efforts to locate her with the provided phone number and address demonstrates his true need for her social security number and date of birth. The fact that Sherrard is a former employee of Lowe's and the possibility that she may no longer reside at the provided address further establish Olson's need. Because Sherrard likely has relevant information related to Olson's claims and Olson has demonstrated need for her social security number and date of birth, the Court will grant his Motion to Compel the disclosure of these facts.

The Court, however, in view of the sensitive nature of Sherrard's social security number, imposes an affirmative duty on the part of Olson to maintain the confidentiality of her social

security number. In accordance herewith, he shall maintain its confidentiality by sharing it only with attorneys and agents involved in this action and only for the purpose of locating her.

### C. Rule 30(b)(6) Deposition Over Olson's Proposed Topics

Finally, Olson requests a Rule 30(b)(6) deposition with a Lowe's representative about "the policies, procedures, and training of Lowe's personnel and employees in regards to safely placing the security bands around the merchandise at the front of the store so they do not become a tripping or safety hazard." (DN 43, at PageID # 356). However, during the parties' most recent telephonic conference, Olson sought a Rule 30(b)(6) deposition over the following topics:[3]

> (1) Lowe's policies and employee training procedures as they pertain to the front apron of the subject Lowe's store regarding prevention of any tripping hazards for their customers.[4]
>
> (2) Lowe's policies produced in this matter as they relate to the appropriate placement and positioning of security cables around/on grills displayed for sale on the front exterior apron of the subject Lowe's store so that the security cable is safely placed and does not create a tripping hazard for their customers.
>
> (3) How Lowe's expects its employees to place security cables, including the manner and parameters for placement of security cables, around/on grills displayed for sale on the front exterior apron of Lowe's stores including safe placement of the security cable throughout the business day after sale of said grills.

(DN 46, at PageID # 394). In its response, Lowe's assumes that Olson's Motion seeks to compel testimony on these topics (*Id.* at PageID # 395), and, as Olson's Motion appears to summarize these topics, the Court will analyze them as the testimony that Olson seeks.

Rather than proceeding with Olson's proposed topics, Lowe's requests that any Rule

---

[3] Olson proposed additional topics; however, these are the only topics to which Lowe's objects. (DN 46, at PageID # 393).

[4] In a footnote, Lowe's also objects to topic one as "insufficiently particularized and overly broad." (DN 46, at PageID # 394 n.3). The Court rejects this argument. Olson originally proposed a topic that focused on "Lowe's policies produced in this matter as they pertain to the front apron of the subject Lowe's store" but later narrowed it to involve only policies and procedures related to the prevention of tripping hazards. (*Id.* at PageID # 393-94). Lowe's requests that the Court reinstate Olson's original topic one (*Id.* at PageID # 400), but Lowe's cannot maintain that topic one is overly broad while also requesting that the deposition cover a broader topic.

30(b)(6) deposition be limited to the following topics:

> (1) Lowe's policies produced in this matter as they pertain to the front apron of the subject Lowe's store.
>
> (2) Lowe's procedures for maintaining the trees, foliage, and/or plants on or near the front apron of the subject Lowe's store.
>
> (3) Lowe's policies produced in this matter as they related to the layout of grills displayed for sale on the front exterior apron of the subject Lowe's store.
>
> (4) Lowe's policies produced in this matter as they relate to the appropriate placement and positioning of security cables around/on grills displayed for sale on the front exterior apron of the subject Lowe's store.
>
> (5) How Lowe's expects its employees to place security cables, including the manner and parameters for placement of security cables, around/on grills displayed for sale on the front exterior apron of Lowe's stores.
>
> (6) The training Lowe's employees receive concerning the placement and positioning of security cables on grills displayed on the exterior front apron of its stores.

(*Id.* at PageID # 400-01).

Although Lowe's objects to Olson's proposed topics on a myriad of grounds, none of its arguments are compelling. First, it argues that the topics seek lay witness testimony as to legal questions and conclusions. (*Id.*). Specifically, its concern lies with Olson's use of the terms "tripping hazard," "safety," and "safe." (*Id.* at PageID # 396). Lowe's is correct that "a lay witness cannot testify as to legal conclusions, and such questions exceed the permissible scope of a 30(b)(6) deposition." *Brooks v. Caterpillar Glob. Mining Am., LLC*, Civil Action No. 4:14cv-00022-JHM, 2016 U.S. Dist. LEXIS 127975, at *15 (W.D. Ky. Sep. 19, 2016). If "testimony addresses issues with a separate, distinct and specialized meaning in the law different from that present in the vernacular, it calls for an impermissible legal conclusion." *Cardinal Aluminum Co. v. Cont'l Cas. Co.*, No. 3:14-CV-857-TBR-LLK, 2015 U.S. Dist. LEXIS 86162, at *9 (W.D. Ky. July 1, 2015) (quoting *Torres v. Cty. of Oakland*, 758 F.2d 147, 151 (6th Cir. 1985)) (quotations

7

omitted).

In support of its assertion, Lowe's relies on *Schyvincht v. Menard, Inc.* in which the Northern District of Illinois determined that some of the plaintiff's topics sought legal opinions from a lay witness. No. 18 CV 50286, 2019 U.S. Dist. LEXIS 114277 (N.D. Ill. July 10, 2019). In its response, Lowe's highlights the following quote: "'Menard's position or opinion that Plaintiff was not exercising due care for his own safety at the time of the [] incident' uses terms of art and seeks impermissible legal opinion from a lay witness." *Id.* at *2; (DN 46, at PageID # 396). Yet, what Lowe's fails to acknowledge is that the *Schyvincht* court struck the topic for the plaintiff's inclusion of "due care," not "safety." *Schyvincht*, 2019 U.S. Dist. LEXIS 114277, at *7 ("Due care is a legal term of art, and as such Topic C impermissibly seeks a legal opinion from a lay witness."). Further, the *Schyvincht* court found that the following topics were permissible: "[a]ll training provided to Gerardo Ibarra with regard to **safe** handling of lumber at the Sycamore Store" and "Gerardo Ibarra's duties and responsibilities [] with respect to the **safe** handling of lumber." *Id.* at *10 (emphasis added). Although the defendant requested that these topics be limited to the "rules, policies, procedures, and efforts of Menards generally[,]" the *Schyvincht* court found that the defendant had not demonstrated good cause to strike these topics. *Id.* In addition, neither of the remaining cases cited by Lowe's involved any of the terms in Olson's topics with which Lowe's takes issue. *See Tarpoff v. United States*, No. 09 - CV - 00411 DRH, 2011 U.S. Dist. LEXIS 24732, at *6, 107 A.F.T.R.2d (RIA) 2011-1283 (S.D. Ill. Mar. 10, 2011) ("responsible person"); *Majestic Bldg. Maint., Inc. v. Huntington Bancshares, Inc.*, No. 2:15-cv-3023, 2018 U.S. Dist. LEXIS 114267, at *32 (S.D. Ohio July 10, 2018) ("ordinary care").

In contrast to the terms addressed in those cases, "tripping hazard," "safety," and "safe" do not have distinct legal meanings. Indeed, the *Schyvincht* court found topics similarly worded to

those proposed by Olson to be appropriate, despite their inclusion of "safe" and "safety." Thus, Olson's proposed topics do not seek lay witness testimony as to legal conclusions. Like the Northern District of Illinois, this Court does not find that Olson's topics need to be limited to the store's general rules, policies, and procedures.

Second, Lowe's highlights that, under Kentucky law, its only duty to Olson was to discover unreasonably dangerous conditions on its land and either eliminate or warn of them. (DN 46, at PageID # 397). By inquiring into the safe placement of security cables, Lowe's argues, Olson's topics attempt to impose a duty to prevent any tripping hazards—a duty which is stricter than that imposed by law. (*Id.* at PageID # 398-99).

Rule 26 governs the scope of any discovery request. Fed. R. Civ. P. 26. The Rule instructs that information "need not be admissible in evidence to be discoverable[,]" assuming that it is within the scope of discovery. Fed. R. Civ. P. 20(b)(1). The Court is not aware of any case in which Rule 30(b)(6) topics have been limited due to a risk of elevating the defendant's duty under premises liability law, and Lowe's does not point to any legal authority in support of its argument. Lowe's policies and training relating to the safe placement of security cables around its merchandise are relevant to Olson's negligence claim against it. Merely inquiring into these topics would not alter Lowe's duty under Kentucky negligence law. Even if some of the testimony would not be admissible in a jury trial, Olson is still entitled to depose a Lowe's representative on his topics since they are within the scope of discovery.

Third, Lowe's contends that permitting Olson to depose a representative on these topics would allow him to improperly establish Reptile Theory testimony or Golden Rule arguments.[5]

---

[5] Reptile Theory is a trial tactic embraced by some plaintiffs' lawyers to "utilize facts that will evoke feelings of threat or danger among the jurors, followed by a suggestion to the jurors that awarding a verdict against the defendant will eliminate or mitigate that threat or danger." *Hill v. Auto-Owners Mut. Ins. Co.*, No. 4:19-cv-00078, 2022 U.S. Dist. LEXIS 122429, at *1 (E.D. Tenn. Mar. 31, 2022). Golden Rule arguments tell "jurors to put themselves in the position

9

(DN 46, at PageID # 399). Lowe's cites to several Kentucky cases to demonstrate that these types of arguments are untenable. (*Id.* at PageID # 399-400). However, Lowe's applies the incorrect source of law for this issue. Sixth Circuit precedent firmly establishes that in federal diversity actions, state law governs substantive issues and federal law governs procedural issues. *Nationwide Mut. Fire Ins. Co. v. Jahic*, No. 3:11-CV-00155, 2013 U.S. Dist. LEXIS 1798, at *4 (W.D. Ky. Jan. 7, 2013). Discovery in federal courts is generally governed by the Federal Rules of Civil Procedure. *Doan v. Allstate Ins. Co.*, No. 5:07-CV-13957, 2008 U.S. Dist. LEXIS 41072, at *5 (E.D. Mich. May 23, 2008) (quoting *Moses v. Providence Hosp. & Med. Ctrs., Inc.*, No. 04 CV 74889 DT, 2007 U.S. Dist. LEXIS 45367, at *6 (E.D. Mich. June 22, 2007)). As Rule 30(b)(6) is a Federal Rule of Civil Procedure, the validity of this type of deposition is determined by federal law, not state law. Indeed, none of the Kentucky cases relied on by Lowe's reference Rule 30(b)(6).

Further, courts in this Circuit which have addressed Reptile Theory or Golden Rule arguments have done so in the context of deciding motions in limine prior to trial, not during discovery and much less in regard to Rule 30(b)(6) topics. *See, e.g.*, *Commins v. Genie Indus.*, No. 3:16-CV-00608-GNS-RSE, 2020 U.S. Dist. LEXIS 250605, at *3 (W.D. Ky. Aug. 26, 2020); *Hill v. Auto-Owners Mut. Ins. Co.*, No. 4:19-cv-00078, 2022 U.S. Dist. LEXIS 122429, at *1-2 (E.D. Tenn. Mar. 31, 2022); *Bell v. Sam's E., Inc.*, No. 1:16-cv-315-SKL, 2018 U.S. Dist. LEXIS 18448, at *17 (E.D. Tenn. Feb. 5, 2018). Again, information need not be admissible to be discoverable. Fed. R. Civ. P. 20(b)(1). Permitting Olson to depose a Lowe's representative on his proposed topics is not the same as allowing him to establish Reptile Theory or Golden Rule arguments at trial.

---

of Plaintiff." *Bell v. Sam's E., Inc.*, No. 1:16-cv-315-SKL, 2018 U.S. Dist. LEXIS 18448, at *3 (E.D. Tenn. Feb. 5, 2018).

Therefore, Olson's proposed topics are appropriate, and the limitations requested by Lowe's are unnecessary. Accordingly, the Court will grant Olson's Motion to Compel the Rule 30(b)(6) deposition of a Lowe's representative over these topics as well as any others to which the parties have already agreed.

## IV. Conclusion

Based on the foregoing, Olson's Motion to Compel is granted in part and denied in part. Given Lowe's representations that, despite diligent efforts, it cannot locate surveillance video footage from the time of Olson's fall, the Court denies Olson's Motion to Compel this footage as moot. However, the Court will compel the disclosure of Sherrard's social security number and date of birth as well as a Rule 30(b)(6) deposition of a Lowe's representative over Olson's proposed topics. Because Olson has been unable to locate Sherrard with the phone number and address provided to him by Lowe's, he has demonstrated true need for Lowe's disclosure of her social security number and date of birth. Further, none of Lowe's objections to Olson's proposed Rule 30(b)(6) topics persuade the Court that they are improper. Olson's topics do not seek lay witness testimony as to legal conclusions, change Lowe's duty under Kentucky premises liability law, nor allow Olson to establish Reptile Theory or Golden Rule arguments. As such, the Court declines to limit the Rule 30(b)(6) deposition to Lowe's requested topics.

## ORDER

**IT IS HEREBY ORDERED** that Plaintiff Ronald Olson's Motion to Compel (DN 43) is **GRANTED IN PART** and **DENIED IN PART**.

Specifically, **IT IS HEREBY ORDERED** as follows:

(1) The Motion to Compel is **DENIED AS MOOT** as to the surveillance video footage from the time of Olson's fall.

(2) The Motion to Compel is **GRANTED** as to the disclosure of Chastity Sherrard's social security number and date of birth.

(3) The Motion to Compel is **GRANTED** as to a Rule 30(b)(6) deposition of a representative of Defendant Lowe's Home Centers, LLC over Olson's proposed topics.

Copies:     Counsel of Record

Regina S. Edwards, Magistrate Judge
United States District Court

December 28, 2023